

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700  (973) 645-2743
Newark, NJ 07102

April 5, 2005

Avraham Moskowitz, Esq.
Moskowitz & Book
1372 Broadway, 14th Floor
New York, NY 10018

      Re: <u>United States v. United Gunite Construction, Inc.</u>  06 CR 123

Dear Mr. Moskowitz:

      This letter sets forth the full and complete agreement between your client, United Gunite Construction, Inc. ("UGC"), and the United States Attorney for the District of New Jersey ("this Office").

### Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from UGC to a one-count information to be filed, which charges UGC with tax evasion, in violation of Title 26, United States Code, Section 7201. If UGC enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against UGC relating to the overstatement of business expenses on its Internal Revenue Service ("IRS") Federal Corporate Income Tax Forms 1120 and 1120S for the tax years 1997, 1998 and 1999. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by UGC may be commenced against it, notwithstanding the expiration of the limitations period after UGC signs the agreement. UGC agrees to waive any statute of limitations with respect to any crime that would otherwise expire after UGC signs the agreement.

### Sentencing

UGC's sentence is governed by the United States Sentencing Guidelines. This Office and UGC hereby agree that the Court has sufficient information in the record to enable it to exercise its sentencing authority meaningfully without requiring the preparation of a Presentence Investigation Report.

The violation of 26 U.S.C. § 7201 to which UGC agrees to plead guilty carries a statutory maximum fine of $500,000 and a $400 special assessment. Fines imposed by the Court may be subject to the payment of interest.

The sentence to be imposed upon UGC is within the sole discretion of the Court, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742 and the United States Sentencing Guidelines. The Court may impose the maximum fine that is consistent with the Sentencing Reform Act and the Sentencing Guidelines, up to and including the maximum statutory fine. The United States Sentencing Guidelines may impose a minimum fine, and may authorize departure from the minimum and maximum penalties under certain circumstances. This Office cannot and does not make any representation or promise as to what fine will be found applicable to UGC, or as to what sentence UGC ultimately will receive.

Further, the Court: (1) will order UGC to pay an assessment of $400 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order UGC to pay restitution, pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) may order UGC, pursuant to 18 U.S.C § 3555, to give notice to any victims of its offense.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed by the Court, to correct any misstatements relating to the sentencing proceedings, and to provide the Court all law and information relevant to sentencing, favorable or otherwise, including information provided by UGC before and after signing this agreement. In addition, this Office may inform the Court of: (1) this agreement; and (2) the full nature and extent of UGC's activities and relevant conduct with respect to this case.

2



Stipulations

This Office and UGC agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the Court, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or UGC from any other portion of this agreement, including any other stipulation. If the Court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the Court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and UGC waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255. Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against UGC. This agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceeding against UGC.

3

Prior to the date of sentencing, UGC shall: (1) file accurate amended corporate income tax returns for calendar years 1997, 1998 and 1999; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, UGC agrees to allow the contents of its IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by UGC. With respect to disclosure of the criminal file to the Internal Revenue Service, UGC waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to UGC's tax returns and return information.

Notwithstanding the above, this agreement shall not bar UGC from pursuing offers-in-compromise with the IRS.

UGC will acknowledge acceptance of this plea agreement by the signature of its counsel and of a responsible corporate officer of UGC. UGC will provide to the government for attachment to this plea agreement a certified resolution of UGC's Board of Directors authorizing the responsible corporate officer to waive indictment, to enter a plea of guilty to a criminal violation of 26 U.S.C. § 7201 pursuant to this plea agreement, to pay whatever fine may be imposed, to agree to such changes and modifications of the waiver of indictment and plea agreement as deemed necessary and appropriate, to execute and deliver such documents and agreements regarding changes and modifications, and to perform such other actions and to take any and all steps which may be required or deemed necessary to carry out and effectuate the purpose and objectives of the said resolution.

4

This agreement constitutes the full and complete agreement between UGC and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter, and none will be entered into unless in writing and signed by the parties.

Sincerely,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: *[signature]*
NELSON S.T. THAYER, JR.
Assistant United States Attorney
Deputy Chief, Special Prosecutions Division

APPROVED:

*[signature]*
CHARLES B. McKENNA
Executive Assistant United States Attorney

5

UGC has received this letter from its attorney, Avraham Moskowitz, Esq. The Board of Directors has read it and understands it fully. UGC hereby accepts the terms and conditions set forth in this letter and acknowledges that it constitutes the full agreement between the parties. UGC states that there have been no additional promises or representations made to it by any officials or employees of the United States government or by its attorney in connection with this matter.

(Corporate Seal)
ATTEST:

_____
David B. Carroll
Secretary

Witnessed by:

_____ Date: 5/17/05
AVRAHAM MOSKOWITZ, ESQ.
Counsel for UGC

Consented to and agreed by
authorization of the Board of
Directors of UGC

_____
AUTHORIZED REPRESENTATIVE
OF UGC

W. Steven Carroll
President

6

## PLEA AGREEMENT WITH UNITED GUNITE CORPORATION, INC.

### Schedule A

This Office and UGC agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.

1. UGC agrees to be sentenced pursuant to the United States Sentencing Guidelines in accordance with the stipulations below. This Office and UGC agree that, pursuant to the United States Sentencing Guidelines Manual, effective November 1, 1998, the adjusted offense level under the Sentencing Guidelines is 13, the base fine is $60,000 and the organization culpability score is 5, which is predicated on the following Guidelines calculations:

   a. **Adjusted Offense Level**

   Per U.S.S.G. § 2T4.1(H), a tax loss of more than $40,000 and less than or equal to $70,000 results in an offense level of 13.

   b. **Base Fine**

   There was no pecuniary gain to the organization. Thus, the base fine is $60,000, per U.S.S.G § 8C2.4(d).

   c. **Culpability Score**

   U.S.S.G. § 8C2.5 sets a Base Culpability Score of 5. Since the organization had 50 or more employees and a person with substantial authority condoned the offense, two levels are added per § 8C2.5(b)(4) Two levels are then subtracted for acceptance of responsibility, per § 8C2.5(g)(2), resulting in a Total Culpability Score of 5. A total culpability score of 5 corresponds to a minimum multiplier of 1 and a maximum multiplier of 2, per § 8C2.6. Thus, the total possible fine is $60,000 ($60,000 x 1) to $120,000 ($60,000 x 2).

2. This Office and UGC agree that UGC is liable for restitution to the IRS in the amount of $47,917.00, as a result of the tax loss caused by UGC's filing of false tax returns. This Office, UGC and William Steven Carroll further agree that in the event that UGC is unable to meet its restitution obligations, William Steven Carroll personally will be held jointly and severally liable for meeting UGC's restitution obligations.



3. UGC knows that it has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which (a) challenges the Court's authority to sentence under the Sentencing Guidelines in accordance with the stipulations above; (b) claims that the facts found pursuant to these stipulations must be charged in the indictment, submitted to a jury, or proven beyond a reasonable doubt; or (c) challenges the Court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than 13. This Office will not file any appeal, motion, or writ that challenges the Court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or greater than 13. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the Court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. To the extent that any appeal, collateral attack, writ, or motion is barred by this paragraph, the parties agree that it should be dismissed.

This Office and UGC reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

4. UGC agrees that, at the time of the plea of guilty to the Information, it will present to the Court all corporate resolutions and any and all necessary representatives on behalf of UGC to effectuate all terms of this plea agreement.

5. The parties agree that by consenting to the above stipulations, it is as if the facts found pursuant to these stipulations had been charged in an indictment and found by a jury to be proven beyond a reasonable doubt.

2